314 P.2d 128]

[Civ. No. 9124. Third Dist. July 31, 1957.]

JOHN PASSARINO, Plaintiff and Appellant, v. CITY OF MERCED, Defendant and Appellant; ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Respondent.

C. Ray Robinson, W. E. Craven and Donald E. Oren for Plaintiff and Appellant.

Cardozo, Trimbur & Nickerson for Defendant and Appellant.

Robert W. Walker, Fredric A. Jacobus, J. H. Cummins and Henry M. Moffat for Respondent.

VAN DYKE, P. J.—The city of Merced appeals from a judgment against it and in favor of respondent, John Passarino, in an action to recover damages suffered by reason of the flooding and consequent destruction of tomato plants. Passarino appeals from a judgment in favor of the Atchison, Topeka and Santa Fe Railway Company, a corporation, the city's codefendant. The case is factually quite similar, save as to the amount of damage suffered, to the case of *Gonella* v. *City of Merced et al.*, this day decided (*ante*, p. 44 [314 P.2d 124]).

It is unnecessary to restate the facts heretofore stated in the Gonella case. Reference is made to *Gonella* v. *City of Merced* for such statement. This cause was tried to a jury. The result arrived at is substantially the reverse of the result in the Gonella case. Passarino's tomatoes were being grown on land contiguous to the land of Gonella and the water which

( 887 )

flooded Gonella's land also flooded the land of Passarino. The causes of that flooding were the same. They were the acts of the city in causing water ponding on 25th Street in Merced to flow down against the 24th Street embankments and there, by reason of the obstruction which prevented their passage, to back up and overflow the land of Passarino and Gonella. What we said in *Gonella* v. *City of Merced* as to the basis of liability of both the city and the Santa Fe applies equally to this case. The flooding of Passarino's plants could have been held to be the result of the combined tortious action of the city and of Santa Fe, but it was within the province of the jury as trier of fact to find that the city was liable in damages for the whole of the injury to Passarino. There is one important difference in the testimony introduced in the two trials. Absent in the Gonella case and present in this case was evidence that the pipe beneath the Yosemite and Santa Fe embankments was plugged beneath the Yosemite embankment so that the water never reached the Santa Fe tracks. The testimony was in conflict but the jury could have found this to be so. The city was responsible for this condition if it existed.

The city contended in the trial court, and contends here, that there was a lack of an indispensable party defendant and that, therefore, the court was without jurisdiction to proceed against it. The contention is founded upon the following matters appearing in the record: Passarino was using his land for the purpose of raising tomato plants for transplanting to property belonging to one Hill under a lease arrangement between Passarino and Hill whereby Passarino was to pay as rental 20 per cent of the proceeds of the sale of tomatoes. What we have said in *Gonella* v. *City of Merced* disposes of the contention that this situation made Mr. Hill an indispensable party to the suit. But the city further contends that Passarino had a partner, one Rogina, and that he also was an indispensable party. The evidence as to the interest of Rogina in the tomato plants being grown by Passarino and destroyed by flooding is in conflict. Passarino testified that he and Rogina had an oral agreement to be in partnership in 1952 (the year of the flooding), each to get 50 per cent of the net proceeds from the sale of tomatoes, as distinguished from tomato plants; that Rogina furnished no work or materials for the hotbeds involved in this action and that Rogina had his own hotbeds and plants, in short that the hotbeds of each did not constitute partnership capital or partnership ventures.

The evidence being in conflict, the denial by the trial court of motions based upon the theory of indispensable party lacking must be upheld.

The judgment against the city of Merced is affirmed, as is likewise the judgment in favor of the Atchison, Topeka and Santa Fe Railway Company.

Schottky, J., concurred.

A petition for a rehearing was denied August 30, 1957.